UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

UNITED STATES OF AMERICA,          :
                                   :
        Plaintiff,                 :
                                   :
        v.                         :        Docket No. 1:02-cr-00025-jgm-1
                                   :
DARRELL P. LAFLAM,                 :
                                   :
        Defendant.                 :
_____ :


MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION TO MODIFY RESTITUTION ORDER
AND REQUEST FOR FINAL RESOLUTION
(Doc. 134, 137)


        The Defendant, Darrell P. LaFlam, has moved to adjust his restitution order's payment

schedule under 18 U.S.C. § 3664(k).  (Doc. 134 at 1.)  He seeks to delay any further payments until

his term of supervised release begins in May 2015.  Id.  Mr. LaFlam explains that this delay would

allow him to save additional funds in preparation for his release.  He intends to spend these funds

on clothes, education, and his job search.  Id. at 1-4.  The Government has filed an opposition, and

Mr. LaFlam has filed a reply memorandum.  (Docs. 135, 136.)  Mr. LaFlam has also filed a request

for a decision on his motion to adjust his restitution.  (Doc. 137.)

        The Court applauds Mr. LaFlam's efforts to prepare for his release.  It is clear from his

pleadings that he has gained a strong sense of purpose during his incarceration.  The Court very

much hopes Mr. LaFlam continues to pursue his education and that he makes valuable contributions

to society upon his release.

        Section 3664(k) permits a court to adjust a restitution order's payment schedule "as the

interests of justice require" due to a "material change in the defendant's economic circumstances

that might affect the defendant's ability to pay restitution."  A court should identify a material

change for section 3664(k) purposes through "an objective comparison of a defendant's financial condition before and after a sentence is imposed." United States v. Grant, 235 F.3d 95, 100 (2d Cir. 2000). Mr. LaFlam's financial condition has not materially changed since his sentencing. His desire to save additional funds in preparation for his release is not a material change. Contra United States v. Bowles, No. 98-cr-1281, 2003 WL 21396691, at *1-2 (S.D.N.Y. June 16, 2003) (finding material change where substantial physical ailments prevented defendant from working). To the contrary, the Court anticipated the need for such funds when sentencing Mr. LaFlam to a term of imprisonment and supervised release.

Furthermore, assuming Mr. LaFlam's desire to save funds constituted a material change, the Court would nevertheless decline to adjust his payment schedule. As laudable as the Court finds his efforts to prepare for his release, the Court is also mindful that his restitution obligation results from his commission of two bank robberies. These serious crimes caused over ten thousand dollars in economic injuries, which Mr. LaFlam should continue to pay back. At ten percent of his gross monthly income, his payment schedule does not place an inordinate strain on his finances. The interests of justice do not favor an adjustment of the payment schedule.

Mr. LaFlam's motion to adjust his restitution order's payment schedule under 18 U.S.C. § 3664(k) (Doc. 134) is DENIED. His request for a decision on that motion (Doc. 137) is DENIED AS MOOT.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 15th day of August, 2013.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge